IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARA LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 1829 |
| v. | ) | |
| | ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting | ) | Maria Valdez |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Clara Lewis's ("Plaintiff") claims for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's memorandum, which this Court will construe as a motion for summary judgment, [Doc. No. 19] is granted in part and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is denied.

## BACKGROUND

I.  **Procedural History**

Plaintiff filed her application for DIB in June 2013 and SSI in August 2013, alleging disability beginning in January 2012 due to high blood pressure, arthritis, sleep apnea, chronic obstructive pulmonary disease ("COPD"), hyperlipidemia, tendonitis in both heels, and pinched never in her back. (R. 184–92, 217–18.) Her applications were denied initially and again upon reconsideration. (R. 80–117.) Plaintiff presented for a hearing before an ALJ on October 15, 2015, represented by counsel. (R. 48–79.) A vocational expert was present and offered testimony. (*Id.*) On December 7, 2015, the ALJ issued an unfavorable decision finding Plaintiff was not disabled.[1] (R. 30–47.) The AC denied review on January 1, 2017, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–7.)

II.  **ALJ Decision**

On December 7, 2015, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 30–47.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 1, 2012, her alleged onset date, and that she met the insure requirements of the Act through December 31, 2017. (R. 35.) At step two, the ALJ found that Plaintiff suffered from severe impairments of chronic obstructive pulmonary disease, essential

---

[1] The Court Transcript Index indicates that the ALJ issued her decision on April 26, 2016, whereas the decision itself is dated April 29, 2016. The Court has adopted the date on the decision.

2

hypertension, and arthritis of the right elbow. (R. 36.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926); (*Id.*)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at a light exertional level, except that she could tolerate frequent exposure to humidity, dust, fumes, odors, gases, and other pulmonary irritants, cannot climb ladders, ropes, or scaffolds, can frequently climb ramps and stairs, can frequently kneel, crouch, and crawl, can frequently use the dominant right upper extremity, and cannot drive. (R. 37.) At step four, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a consumer complaint clerk. (R. 42.) Because of this determination, the ALJ found that Plaintiff was not disabled under the Act. (*Id.*)

## DISCUSSION

### III.  ALJ Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ

3

considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

### IV. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir.

1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

V.  Analysis

Plaintiff argues remand is appropriate because the ALJ: (1) erred with respect to the medical opinion evidence; (2) failed to support her RFC assessment with substantial evidence; (3) ignored impairments of record; (4) improperly assessed her subjective symptom allegations; and (5) erred at step four of her evaluation. For the reasons the follow, the Court agrees.

**A. Medical Opinion Evidence**

Plaintiff argues that the ALJ did not support his decision to discount the opinions of Dr. Prakash Vaishav, M.D.,[2] with substantial evidence. Plaintiff established care with Dr. Vaishav in May 2012, and continued to present to him for several years. (R. 769.) Often, Plaintiff reported issues related to her pulmonary functions, but on some occasions complained of fatigue and aching and swelling joints. *See e.g.*, (R. 312 (stating that her CPAP machine aggravated the pain her in chest), 923 (reporting daytime fatigue), 931 (follow up for COPD and asthma), and 1167 (complaints of joint swelling and aching in the body). She also participated in a sleep study conducted by Dr. Vaishav. (R. 378.) Importantly, on September 17, 2014, Dr. Vaishav completed a questionnaire where he opined that Plaintiff's medical condition severely impacted her ability to function. (R. 996.) For example,

---

[2] There is also a Dr. Prakash Vaishan, M.D., in the record. It appears both refer to the same physician, thus, for purposes of this opinion, the Court will attribute the findings of Dr. Vaishan to Dr. Vaishav.

Dr. Vaishav thought Plaintiff's fatigue would interfere with her ability to maintain attention and concentration 67–100% of the time. (*Id.*) He also noted that Plaintiff could never lift even five pounds and had no capability for postural activities such as climbing and kneeling. (R. 999–1000.) Based on these findings, and others, Dr. Vaishav opined that Plaintiff was incapable of even sedentary work on a sustained and full-time basis. (R. 998.)

An ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739. And even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308. The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See Id.*

Here, the ALJ accorded "little weight" to the opinions of Dr. Vaishav. First, the ALJ determined that Dr. Vaishav's opinion deserved little weight because the determination of whether a claimant is disabled is a decision reserved to the Commissioner. (R. 41–42.) While this is true, this does not mean that the

7

physician's statement should be ignored. *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The pertinent regulation says that 'a statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.' 20 C.F.R. § 404.1527(e)(1). That's not the same thing as saying that such a statement is improper and therefore to be ignored . . .") Rather, the ALJ must still build a logical bridge between the evidence and his conclusions.

In his decision, the ALJ noted that Dr. Vaishav was Plaintiff's treating pulmonologist, but nonetheless discounted his questionnaire findings because he found that they were inconsistent with his own treatment records which revealed that Plaintiff's COPD and asthma were controlled. (R. 42.) While this analysis considers some of the factors, (nature of the relationship, relevant specialty, and consistency of the opinion within Dr. Vaishav's own records), it does not discuss the nature and length of Plaintiff's treating relationship with Dr. Vaishav, the tests performed, nor the consistency and supportability of the opinion with the other medical evidence of record. For example, Plaintiff also complained to Dr. Robert Markus, M.D., of left shoulder pain with swelling and numbness in her left arm. (R. 1163.) On other occasions, she complained of shortness of breath and chest pains. (R. 814.) Unlike the evidence cited by the ALJ, these findings support Dr. Vaishav's opinion. Without greater articulation from the ALJ as to what evidence he found supportive or unsupported of Dr. Vaishav's opinion, the Court cannot trace his path of reasoning. While the ALJ's discussion of that evidence may not necessarily lead

8

to a different result, remand is necessary so that the ALJ can make clear to a subsequent reviewer his reasoning for discounting Dr. Viashav's opinions.

## B. Plaintiff's Remaining Arguments

Because remand is required, the Court need not address Plaintiff's remaining arguments. The Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to use all necessary efforts to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles*, 582 F.3d at 678 ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"). The Commissioner should not assume that any other claimed errors not discussed in this Order have been adjudicated in her favor.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted in part and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is denied. This matter is remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**            **ENTERED:**

**DATE:**    **July 27, 2018**            _____
                                                              **HON. MARIA VALDEZ**
                                                              **United States Magistrate Judge**